UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMILIO FUSCO,<br>      Petitioner,<br><br>v.<br><br>WARDEN BOWERS,<br>      Respondent. | Civil Action No.<br>25-10657-NMG |

ORDER

GORTON, J.

Federal prisoner Emilio Fusco has filed a petition for relief under the All Writs Act, 28 U.S.C. § 1651, asking this Court to enter an order reducing his 300-month sentence of imprisonment to time served. For the reasons set forth below, the Court will DENY the petition and DISMISS this action.

I. Background

On October 2012, Fusco, who is currently confined at FMC Devens, was sentenced to a term of 300 months of imprisonment on his convictions for racketeering conspiracy, extortion conspiracy, and interstate travel in aid of racketeering. See United States v. Fusco, No. 09-CR-01239 (PKC) (S.D.N.Y. Oct. 11, 2012). His convictions were affirmed on appeal, see United States v. Fusco, 560 Fed. App'x 43 (2nd Cir. Mar. 21, 2014), his motion for relief under 28 U.S.C. § 2255 was denied, Fusco v. United States, No. 09-CR-01239 (PKC), 2018 WL 6097874 (S.D.N.Y.

Nov. 21, 2018), and the Second Circuit denied his two motions for leave to file a successive § 2255 motion, Fusco v. United States, No. 20-1536 (2d Cir. June 2, 2020); Fusco v. United States, No. 20-3055 (2d Cir. Oct. 5, 2020). In addition, his May 2022 motion for a reduction in sentence was denied. United States v. Fusco, No. 09-CR-1239 (PKC), 2023 WL 3380199, at *1 (S.D.N.Y. May 11, 2023), aff'd sub nom. United States v. Nigro, No. 23-6534-CR, 2024 WL 2069580 (2d Cir. May 9, 2024).

In the present petition, Fusco claims that he is entitled to a reduction in his sentence based on amendments to the Sentencing Guidelines effective November 1, 2023 (Amend. 821) and November 1, 2024 (Amend. 826). According to Fusco, if he were to be sentenced now with the new amendments in effect, his sentencing guideline range would be 41-51 months.

## II. Discussion

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Despite the broad language of the statute, "at most, it constitutes 'a residual source of authority to issue writs that are not otherwise covered by statute.'" Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). "When a statute . . . specifically

addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence." Id.

Here the All Writs Act does not confer authority on this Court to consider Fusco's sentence because 18 U.S.C. § 3582(c)(2) specifically allows the sentencing court to reduce a defendant's sentence. That Fusco has or may be unsuccessful in obtaining relief under 18 U.S.C. § 3582(c)(2) does not mean he can seek the same relief under the All Writs Act. See, e g., United States v. Terry, 758 Fed. App'x 888, 889-89 (11th Cir. 2019) (stating that, because 18 U.S.C. § 3582(c)(2) provides for a reduction in sentence based on amendments to the Sentencing Guidelines, defendant was not eligible for a writ of audita querela, even where the amendment in question was not retroactive).

III. Conclusion

In accordance with the foregoing, the Court hereby DENIES Fusco's petition for relief under the All Writs Act and DISMISSES this action.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: 07/28/2025

3